### DAVID ARMSTRONG V. ST. MARYS (VIL.).

**1. DEDICATION FOR PARK PURPOSES.**

A dedication, legal in form, of property to a municipal corporation for park purposes, and its acceptance by the city, vests the fee of the property in the municipality for the purposes for which it was dedicated. Sec. 2601, Rev. Stat.

**2. CONDITION NOT ARISING FROM DEDICATION VOID.**

A condition recited in a plat accompanying a dedication to a municipal corporation of land for park purposes, that " the land shall be kept in good condition for the purpose for which the grant was made, or the same to revert to donor " is not engrafted upon or a part of the dedication. The grant is independent of such condition and a violation thereof does not terminate the trust or carry the fee back to the original proprietor. In other words, a condition not arising from the dedication itself cannot be engrafted so as to bind the corporation.

**3. CONDITION VOID FOR UNCERTAINTY.**

If it were possible to engraft the condition in an accompanying plat, of the character above stated, upon a grant to a municipal corporation, a condition that the land should be kept in " good condition for the purposes for which the grant was made " would be void for uncertainty, where no standard is established for determining the meaning of " good condition."

HEARD ON ERROR.

*Culliton & Smith*, for plaintiff in error.

*D. F. Mooney*, for defendant in error.

NORRIS, J.

This case comes into this court by petition in error. The action is to recover possession of real estate, and the claim for recovery is founded upon the following allegations of fact : On April 6, 1887, plaintiff was the owner of out-lot No. 17 in the village of St. Marys, and he caused the same to be surveyed into lots, streets and alleys, and dedicated the same in legal manner and form as an addition to said village. Said dedication was legally accepted by the village authorities. A part of the land so dedicated was a parcel donated to the village for a park. This dedication was, plaintiff claimed, upon the condition that said parcel of land was to be kept in good condition as a park, and held and used as a park ; otherwise to revert to plaintiff as original proprietor.

He says that the land has never since its donation been used as a park, or kept in good condition as a park. That nothing has been done by the village, as contemplated by the terms of its donation ; but it has been suffered to go without attention or improvement, and that the use for which it was intended and accepted has wholly failed. He says therefore the title has reverted to him, and he asks judgment for recovery of possession.

The answer by denying the salient averments of the petition, puts the alleged rights of the plaintiff in issue.

The controversy thus tendered was submitted to the trial court, without the intervention of a jury, and the result was a finding by the court in favor of the village of St. Marys.

Plaintiff filed his motion for new trial, which was overruled, judgment was entered upon the finding and he institutes this proceeding in error for reversal.

The matter of which he complains as prejudicial to his cause are:

First—That the court erred in admitting evidence offered by the defendant over his objection.

Second—Error in rejecting evidence offered by him to sustain the issue on his part.

Third—And that the finding and judgment of the court are against the weight of the evidence, and contrary to the law of the case.

We are of the opinion, that the dedication is in all respects legal in form, and that the execution and acknowledgment of the plat is applicable to all parts of it; as well to the condition recited in reference to the park, upon the violation of which plaintiff predicated his action, as to the other parts of it.

But, however legal and broad may be the execution of the plat, the acknowledgment can impart no virtue to it, or to a condition in it, which the law inhibits in a proceeding of that character.

The dedication and acceptance, with the plat properly recorded, vested the fee of the property in the village of St. Marys, to be held in trust for the purposes for which it was dedicated. Section 2601, Rev. Stat. So by it the title passed from the plaintiff to defendant village, and the dedication took effect.

It is contended, that the condition recited in the plat is engrafted upon the dedication, and becomes a part of it. And that the village held the property as a trust burdened with the condition, recited in the plat, "That the land should be kept in good condition for the purpose for which the grant was made, or the same was to revert to the donor." That the grant by dedication cannot be separated from this condition; that without it, the dedication is ineffectual, and that violation of it destroys and terminates the trust, and carries the fee back to the original proprietor.

We are not of the opinion that this position is tenable. A municipal corporation can only do the things which the statute empowers it to do. It may receive and hold, in trust for the public, real estate for the purpose for which this was dedicated, but when it has done so much, its power ceases, except in so far as the statute authorizes it to make the property fit for the purpose intended. And this, not by a contract or upon a condition, but by power independent of contract, and independent of condition; and not emanating from contract or condition, but from the statute, and in manner and by steps pointed out by it.

While the original proprietor might institute proceedings to compel the village authorities to take such steps by the very effect of the dedication itself, a contract or condition or agreement, would not assist him, or make him stronger in his remedy.

While the fee might again reach him by abandonment for twenty-one years, or by diversion of the use of the property dedicated, the violation of a condition which the dedication itself raises, would only save to him the right to enforce the execution of the trust itself.

Armstrong v. St. Marys.

If it were possible to engraft a condition upon a grant of real estate, in trust for a public use, of the character here claimed, we are of the opinion that the one at bar would be void for uncertainty.

" In good condition." How is it measured, and by whom is it to be determined, what shall be done to the park to make it as he intended?

If the manner in which he made it, is the standard to which the village is to be held, then to change it either for the better or for the worse would be a fatal violation. So that this cannot be accepted as the measure, and no other criterion is in sight, or can be. The only guide then would be the judgment and taste of the plaintiff, with liability to change and vary ; so that in fact the condition is not a condition at all.

We are clearly of the opinion that the stipulation upon which plaintiff relies cannot be engrafted upon a grant by dedication for a public use.

We find no error in the admission or the rejection of evidence, and no error on the face of the record to the prejudice of plaintiff in error.

The judgment is therefore affirmed at costs of the plaintiff in error, for which execution is awarded, and the case is remanded, for execution.

---

## DECREES.